## CARROLL COMPANY
vs.
## UNITED MINE WORKERS OF AMERICA, DRUG AND CHEMICAL DIVISION, ETC., ET AL.

Superior Court      New Haven County      File #54808

MEMORANDUM FILED MAY 10, 1938.

Bertrand B. Salzman, of New Haven, for the Plaintiff.

Alexander Winnick, of New Haven, for the Defendants.

FOSTER, J. An action has been instituted by The Carroll Company against United Mine Workers of America, Drug and Chemical Division, District 50, Local 33, an unincorporated association and Sidney Bogdanoff, Lester Singer, Herman Goldberg, Sam Lyman, Alice Toplinsky, Robert Schreier and David Elliot, claiming that they be enjoined from performing cer-

tain acts; said action being returnable to this Court on the first Tuesday of June, 1938.

On May 2, 1938 Hon. Alfred C. Baldwin, a Judge of the Superior Court of this State, signed a temporary injunction enjoining the defendants in this action, under penalty of $1,000, from performing certain acts. Among other things, the defendants were enjoined by such temporary injunction that they "cease and desist from attempting to persuade customers or prospective customers of the plaintiff from entering any of its stores by word, act or deed."

This order of injunction was duly served on Singer, Lyman, Elliot and Bogdanoff on the afternoon of May 2, 1938 and on Lyman as President of Local 33 and on Goldberg, Schreier and Toplinsky before 9:45 a.m. on May 3, 1938. All were served personally, except Toplinsky, who was served by a copy being left at her place of abode.

The plaintiff now brings to this court its motion that the defendants show cause why they should not be held in contempt of Court for violation of the temporary injunction duly served upon them. The plaintiff claims that the defendants distributed or caused to be distributed to prospective customers of the plaintiff a bulletin, placard or legend in violation of the terms of the temporary injunction. The defendants are all represented by counsel upon this motion to show cause.

That certain handbills or bulletins were distributed in front and in the neighborhood of the plaintiff's stores and the contents and nature of the matter written or printed on the same are admitted.

Among other things appearing on such bulletins are the words in large letters "ON STRIKE" and the words "CARROLL STORES" and in smaller letters the words "Please do not patronize The Carroll Cut Rate Stores which are the sole distributors of the products we manufacture."

There can be no doubt that the distribution of a handbill or bulletin bearing these words, printed in the form and type as they appear, was a flagrant violation of the order of temporary injunction.

We are not here considering the merits of the case; we are not considering the moral or legal right or wrong of the distribution. We are considering solely the question of whether the order of injunction was violated.

An order of any Court of this State or of any Judge of a Court of this State made in his capacity as such Judge must be obeyed until vacated in legal manner.

The defendant Elliot testifies that he came to New Haven from New York to assist in a "strike"; that he was duly served with a copy of the temporary injunction; that he then endeavored to devise some method by which he could "do something" without violating the order of injunction; that he wrote and prepared or caused to be prepared the bulletins in question; that he procured persons to distribute the same in front and in the neighborhood of the stores of the plaintiff.

Schreier testifies that at the request of Elliot he distributed many of the bulletins in front and in the neighborhood of the stores of the plaintiff; that he knew and understood the contents of the bulletins.

There is no evidence that Local 33 or any other Union authorized the distribution of the bulletins or did any act that would make it responsible for the acts of those who did distribute or cause to be distributed the bulletins. There is no evidence that Herman Goldberg, Sam Lyman or Alice Toplinsky did any act in violation of the injunction. The plaintiff has failed to prove by a fair preponderance of the evidence that Sidney Bogdanoff or Lester Singer did any act in violation of the injunction.

That these bulletins were distributed by numerous persons, there can be no doubt; but the Court must act solely upon the evidence presented.

The penalty provided in the order of injunction is $1,000. The Court interprets this sum to be the maximum penalty.

The Court finds David Elliot guilty of contempt of Court by violating an order of injunction legally issued by a Judge of this Court as such Judge, and for such violation fixes the penalty at $300, and to stand committed to the New Haven County Jail until the same is paid to the Clerk of this Court.

The Court finds Robert Schreier guilty of contempt of Court by violating an order of injunction legally issued by a Judge of this Court as such Judge and for such violation fixes the penalty at $100, and to stand committed to the New Haven County Jail until the same is paid to the Clerk of this Court.